**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DOMINIC MAHER,

Plaintiff,

v.

HINES INTERESTS LIMITED PARTNERSHIP, SARAH HAWKINS, MATT PRIOR, JASON ALDERMAN, and TOMMY CRAIG,

Defendants.

Civil Action No. 1:25-cv-01006-JPC

**CONFIDENTIALITY STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER**

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." Any party may further designate as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" any Confidential Information that is so competitively or commercially sensitive, or so sensitive as to an individual's personal information, that disclosure to the receiving party itself (as opposed to counsel only) is reasonably likely to cause significant competitive, business, or personal harm; such information will be stamped "ATTORNEYS' EYES ONLY."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. In the event a party challenges another party's designation of confidentiality, including any designation of material as "CONFIDENTIAL" or as "ATTORNEYS' EYES ONLY," counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court, including an order redesignating material marked "ATTORNEYS' EYES ONLY" as "CONFIDENTIAL" rather than removing confidential treatment altogether. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

a. The requesting party and counsel, including in-house counsel;

b. Employees of such counsel assigned to and necessary to assist in the litigation;

c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

Documents designated as "ATTORNEYS' EYES ONLY" shall not be disclosed to any person except: (i) outside counsel of record for a party, including employees of such counsel assigned to and necessary to assist in the litigation; (ii) consultants or experts assisting in the prosecution or defense of the matter under subparagraph (c) above who are not current officers, directors, or employees of a party; and (iii) the Court. Such information shall not be disclosed to in-house counsel, corporate representatives, or other employees of a party, absent the prior written consent of the designating party or further order of the Court.

5. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

6. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7. A party may designate as Confidential Information, subject to this Stipulation and Order, any document, information, or deposition testimony produced or given by a non-party to this action. Such designation shall be made by notifying all counsel in writing within fourteen (14) days of actual receipt of the document, information, or transcript by counsel for the party asserting the designation. Prior to the expiration of that period, all such material shall be treated as Confidential Information.

8. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

9. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or

protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

11. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

12. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

**SO STIPULATED AND AGREED.**

*/s/ Michael R. Varraso*
Benjamin J. Wyatt
Michael R. Varraso
**WYATT & ASSOCIATES, PLLC**
17 Elm Street, Suite C211
Keane, NH 03431

69 State Street, 13th Floor, Suite 1320
Albany, NY 12207
Phone: (603) 357-1111
bwyatt@wyattlegalservices.com
mvarraso@wyattlegalservices.com

*Attorneys for Plaintiff*

David B. Lichtenberg
David J. Kass
**FISHER & PHILLIPS, LLP**
400 Connell Drive, Suite 4000
Berkeley Heights, New Jersey 07922

Times Square Tower
7 Times Square, Suite 4300
New York, New York 10036
Phone: (908) 516-1050
dlichtenberg@fisherphillips.com
dkass@fisherphillips.com

*Attorneys for Defendants*

**SO ORDERED.**

Dated: August 14, 2026
New York, New York

JOHN P. CRONAN
United States District Judge

With respect to redactions and sealed filings, the parties must also comply with Rule 4 of the undersigned's Individual Rules and Practices for Civil Cases.